UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INS. CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-536 |
| ) | (SHIRLEY) |
| V. ) | |
| ) | |
| MARVIN BURKE and AB TRANSMISSION & ) | |
| AUTOMOTIVE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 31].

The parties appeared before the Court on April 3, 2013, to address two pending motions: Defendants' Motion *in Limine* to Exclude Expert Testimony [Doc. 23] and Defendants' Motion *in Limine* to Exclude All Witnesses [Doc. 24]. Attorneys Eric Smith and Hobart Hind, Jr., were present representing the Plaintiff, and Attorney Carl Ogle was present representing the Defendants.

The motions before the Court relate to the parties' bilateral failure to comply with the Scheduling Order and discovery obligations in this case. First, in the Motion *in Limine* to Exclude Expert Testimony [Doc. 23], Defendants move the Court to rule any expert testimony from Plaintiff's experts is not admissible because Plaintiff failed to disclose the experts on or before November 16, 2012, the deadline set in the Scheduling Order. Defendants note that

Plaintiffs failed to disclose experts, and state that "[s]ince the Plaintiff did not disclose any experts, the Defendant [sic] has not responded and has not disclosed their own expert." [Doc. 23 at 1]. In Defendants' Motion *in Limine* to Exclude All Witnesses [Doc. 24], Defendants move the Court to exclude all testimony to be presented by Plaintiff because neither party filed a timely witness list. The deadline for filing was March 1, 2013. Plaintiff filed its witness list on March 14, 2013; Defendants filed their list on March 15, 2013.

Plaintiff did not file a written response to either of these motions, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat the Plaintiff's failure to respond during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter."). Nonetheless, the Court has heard and considered the Plaintiff's oral arguments in opposition to Defendants' requests for sanctions.

The Court finds that both parties have failed to comply with the Federal Rules of Civil Procedure and an Order of the Court. At the hearing, the Court reviewed the standard for practicing law in the United States District Court. The Court admonished the parties that the Federal Rules of Civil Procedure are mandatory and that citing a lack of mutuality or reciprocity in performance under the Rules is not an excuse for failing to comply with the Rules.

The Court has considered the appropriate sanctions for the parties' failure to comply with the Court's Order under Rule 37 of the Federal Rules of Civil Procedure. Though both parties are at fault, the Court finds that the Plaintiff's failure to disclose its expert witnesses is the more egregious of the parties' failures. The Court finds that the Plaintiff must properly disclose its experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure, and thereafter, the

Defendants will be given a period to disclose any experts they may choose to call. The Court will set the deadlines for these disclosures in a revised Scheduling Order to be entered forthwith.[1]

Following the disclosure of experts, the parties will be given afforded a period in which to depose any expert witnesses or other witnesses in order to prepare for trial. Pursuant to Rule 37(b)-(c) of the Federal Rules of Civil Procedure, the Court finds that the Plaintiff shall bear the costs of these depositions as a sanction for both failing to comply with the Court's Scheduling Order and the Plaintiff's failure to properly disclose.[2]

The Court finds that no additional sanctions are appropriate. First, the Court finds the parties' other infraction – the failure to timely disclose witness lists – was committed by both parties and is, in some ways, a "wash." Further, the Court finds that this monetary sanction is appropriate because it will address the Plaintiff's failure to disclose, without imposing an extreme sanction that may prevent this case from being heard on its merits. Moreover, the Court finds that the prejudice to the Defendants has been essentially eliminated by affording additional time for depositions and the cost-shifting imposed above. Finally, the Court will guide this case to trial in a swift manner, so that the Defendants will not be prejudiced by any delay.

The Court finds that these sanctions will properly address the discovery and scheduling issues in this matter. The Court stated at the hearing and herein reiterates: The parties **SHALL** fully comply with all discovery deadlines and obligations, along with any Order of the Court and all provisions of the Federal Rules of Civil Procedure going forward. If the parties fail to fully

---

[1] On April 3, 2013, the parties consented this case to the jurisdiction of the undersigned based, in part, on the flexibility in scheduling that can be afforded by the undersigned. Prior to the consent, this matter was set to proceed to trial on April 15, 2013, before the District Judge.

[2] The Court would note that the Plaintiff suggested bearing such costs as an appropriate sanction for its infractions.

comply, the Court will not hesitate to impose the sanctions listed in Rule 37(b)(2) of the Federal Rules of Civil Procedure.

In sum, the Defendants' Motions *in Limine* **[Docs. 23, 24]** are **GRANTED IN PART and DENIED IN PART** to the extent stated above. The parties **SHALL APPEAR** before the undersigned, telephonically, on **April 4, 2013, at 2:30 p.m.** to address scheduling in this matter.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge